IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BRIAN LEE RINEHART, | § | |
|   Petitioner, | § | |
| | § | |
| v. | § | No. 3:18-cv-02594-S (BT) |
| | § | |
| | § | |
| LORIE DAVIS-DIRECTOR TDCJ-CID, | § | |
|   Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Petitioner Brian Rinehart, a Texas prisoner, filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. The District Court referred the resulting civil action to the United States magistrate judge, pursuant to 28 U.S.C. § 636(b) and a standing order of reference. For the following reasons, the petition should be DISMISSED.

I.

Petitioner challenges his 2012 conviction for theft, for which he was sentenced to two years' confinement. *State of Texas v. Brian Lee Rinehart*, No. F46964-A (249th Dist. Ct., Johnson County, Dec. 11, 2012). Although Petitioner has fully served his two-year sentence, he argues his § 2254 petition is properly filed because the 2012 conviction was used to enhance his sentence on a subsequent conviction in 2017, in *State of Texas v. Brian*

1

*Lee Rinehart*, No. DC-F-201700343. Respondent argues the Court lacks jurisdiction over the petition because Petitioner is no longer in custody on the conviction that he challenges.

## II.

Federal district courts have jurisdiction to entertain petitions for writs of habeas corpus only from persons who are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254. The "in custody" requirement is satisfied when the challenged conviction has not fully expired at the time the petitioner files his § 2254 petition. *See Carafas v. Lavalle*, 391 U.S. 234, 238 (1968). Further, a person is not "in custody" for a conviction if he or she "suffers no present restraint" from the challenged conviction. *See Maleng v. Cook*, 490 U.S. 488, 492 (1989). "[O]nce the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." *Id.*

Here, Petitioner does not dispute that he fully served his sentence for theft in case number F46964-A. He argues, however, that the Court has jurisdiction to consider his petition because his theft conviction was used to enhance his 2017 conviction in DC-F-201700343.

2

In some circumstances, a court may construe a petitioner's challenge to an expired conviction as a challenge to the conviction for which he is still incarcerated. In *Maleng*, a petitioner challenged an expired 1958 conviction that had been used to enhance his 1978 conviction. *Maleng*, 490 U.S. at 489-90. The Supreme Court found the "in custody" requirement was satisfied because the Court could reasonably construe the petition as a challenge to the 1978 conviction as enhanced by the 1958 conviction.

In this case, the Court cannot reasonably construe the petition as a challenge to Petitioner's 2017 conviction in DC-F-201700343 because Petitioner has already filed a § 2254 petition challenging that conviction, and the petition is currently pending. *See Rinehart v. Davis*, No. 3:18-cv-2004-L (BN) (N.D. Tex.). Consequently, this petition should be dismissed.

III.

The petition for a writ of habeas corpus under 28 U.S.C. § 2254 should be dismissed.

Signed April 19, 2019.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996).